UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 3:07-cr-91 RLM |
| | ) | |
| KIMANI LANIER FLEMING | ) | |

ORDER REGARDING MOTION FOR SENTENCE REDUCTION

Kimani Fleming filed a motion to reduce his sentence under the First Step Act based on the reduced statutory minimum and maximum penalties for 21 U.S.C. § 841(a)(1) offenses. For the following reasons, the court grants in part and denies in part Mr. Fleming's motion. [Doc. No. 206].

When the court resentenced Mr. Fleming in 2011, following a successful petition under 28 U.S.C. § 2255, his final adjusted offense level was 42 and his criminal history category was V, producing an advisory sentencing range of 360 months to life imprisonment, with an additional five years required on Count 2's conviction for possession of a firearm in furtherance of a drug trafficking crime. The court sentenced Mr. Fleming to an aggregate term of 480 months' imprisonment, consisting of 420 months on Counts 1, 4, 5, and 6 running concurrently with the sentences on all counts other than Count 2, a term of 240 months on Count 3 running concurrently with the sentences on all counts other than Count 2, a term of 120 months on Count 7, running concurrently with the sentences on all counts other than Count 2, and a term of 60 months on Count 2, running consecutively to all other terms of imprisonment.

Mr. Fleming argues that the convictions in Counts 1, 4, 5, and 6 are "covered offenses" as defined by Section 404 of the First Step Act, meaning Section 2 of the Fair Sentencing Act modified the statutory penalties for those counts, so the court should reduce Mr. Fleming's sentence on those counts. The court agrees that the sentence on Count 4 should be reduced, but for the following reasons and having considered the Probation Officer's report on Mr. Fleming's post-sentencing conduct, the court declines to modify his sentence on the other counts or his aggregate sentence. The statutory penalty for Count 4, which was 5 – 40 years' imprisonment, is now 0 – 20 years' imprisonment and the 420-month term of imprisonment on that count now falls outside the statutory range. *See* 21 U.S.C. § 841(b)(1)(C). The statutory penalty for Count 1, which was 10 years to life imprisonment, is now 5 – 40 years' imprisonment, but the sentence of 420 months' imprisonment on that count remains within the statutory range. *See* 21 U.S.C. § 841(b)(1)(B).

The statutory range for Counts 5 and 6 hasn't changed. At the 2011 resentencing, the court determined that the offenses described in Counts 5 and 6 involved more than 28 grams of crack cocaine. [*See* Doc. No. 133 at 3] (adopting ¶ 18 of the presentence investigation report). For the reasons persuasively cited in <u>United State v. Glover</u>, ___ F.Supp.3d ___, 2019 WL 1924706, at *9-10  (S.D. Fla. May 1, 2019), which the court adopts by reference, Mr. Fleming isn't entitled to a *de novo* sentencing under the First Step Act and 18 U.S.C. § 3582(c)(1)(B), and the original sentencing determinations, including the amount of crack cocaine Mr. Fleming distributed, remains unchanged. *See also* <u>Chavez-Meza v.</u>

United States, 138 S. Ct. 1959, 1965 (2019) (rejecting plenary resentencing in proceedings under 18 U.S.C. § 3582(c)(2)); Dillon v. United States, 560 U.S. 817, 825 (2010) (same); United States v. Neal, 611 F.3d 399, 401 (7th Cir. 2010) ("[N]either the statute [18 U.S.C. § 3582(c)(2)] nor the Constitution requires the judge to conduct a full resentencing in response to a motion [to reduce sentence based on amendment to crack cocaine guidelines]); United States v. McKinney, 2019 WL 2053998, at *2 (D. Kan. May 9, 2019) (finding reasoning in United State v. Glover persuasive and holding that the defendant was not entitled to full resentencing under the First Step Act where advisory guideline range stayed the same); United States v. Curb, 2019 WL 2017184, at * 3 (N.D. Ill. May 7, 2019) (holding that "The First Step Act does not grant courts a general license to resentence defendants convicted of pre-FSA crack cocaine offenses"). Accordingly, the statutory penalty for Counts 5 and 6 remains 5 – 40 years' imprisonment. See 21 U.S.C. § 841(b)(1)(B).

The range recommended by the guidelines hasn't changed. In determining the guidelines' range at Mr. Fleming's resentencing, the court found that his course of conduct involved more than 4.5 kilograms of cocaine base, or crack cocaine, resulting in a base offense level of 36. Because Mr. Fleming maintained a house for the purpose of manufacturing and distributing crack cocaine, led or managed another person in the commission of his crime, and committed his crimes as part of the pattern of criminal conduct engaged in as a livelihood, his final offense level increased by six to 42. An offense level of 42 and a criminal history category of V resulted in a recommended sentencing range of 360 months

to life imprisonment, with an additional five years required on Count 2. Mr. Fleming's final adjusted offense level under the 2018 sentencing manual is 40, but the guidelines' sentencing range remains unchanged at 360 months to life imprisonment, with an additional five years required on Count 2.

Nothing in the record persuades the court that a reduction of Mr. Fleming's aggregate term of imprisonment is appropriate. His current aggregate sentence falls within advisory guideline range. The minimum term of supervised release under § 841(b)(1)(B), however, is now four years.

Accordingly, the court GRANTS Mr. Fleming's motion, [Doc. No. 206], to the extent he seeks to reduce his sentence on Count 4 and the court REDUCES his sentence on Count 4 to 240 months. Without objection, the court REDUCES Mr. Fleming's term of supervision from 5 years to 4 years, pursuant to 21 U.S.C. § 841(b)(1)(B). The court DENIES Mr. Fleming's motion to the extent it sought a reduction in sentence on other counts or to the aggregate sentence. Mr. Fleming's aggregate term of imprisonment remains 480 months, consisting of 420 months on Counts 1, 5, and 6 running concurrently with the sentences on all counts other than Count 2, 240 months on Counts 3 and 4 running concurrently with the sentences on all counts other than Count 2, a term of 120 months on Count 7, running concurrently with the sentences on all counts other than Count 2, and a term of 60 months on Count 2, running consecutively to all other terms of imprisonment. The Clerk is directed to enter an amended judgment reflecting these modifications.

SO ORDERED.

ENTERED:    May 31, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:    K. L. Fleming
       D. Vandercoy
       L. Reilander
       USPO